Next case is Ronald Pinther v. Secretary of Veterans Affairs 2009-7038. Welcome back Mr. Carpenter. Thank you very much Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Ronald Pinther. Mr. Pinther appeals a decision from the United States Court of Appeals for Veterans Claims dealing with what we believe was the lower court's reliance upon a misinterpretation of the assessment of evidence under 3.304F. Could you, I'm having a, just so you can make sure you cover what I'm saying, I'm looking at 3.304F, at least the portion of that that you cite in your brief. Could you direct me to exactly what you're saying was, what portion of this was misinterpreted and how? Yes, well actually it was expanded upon, Your Honor. It was expanded to include the question of the sufficiency of the stressor. In examination, in the consideration of the plain language of the regulation, there are three things that are required. A diagnosis in accordance with 4.125, which is basically a DSM, or Diagnostic and Statistical Manual, diagnosis, a linkage between that diagnosis and what happened in service, and a confirmed stressor. In this case, what the court below did was to rely upon a misinterpretation that was relied upon by the Board, which allowed the Board to consider questions of the sufficiency of the stressor, which really slops over onto two of those three prongs and adds to those prongs, or provisions, elements that are simply not part of the plain language of the regulation. Well the regulation does, at least with respect to the third phrase, and I understand that you're saying it applies to more than one part, it says credible supporting evidence that the claimed in-service stressor occurred. That's right. So some credible supporting evidence, a determination on whether or not it was credible supporting evidence, is in order, correct? Only in terms of establishing whether the event occurred. And in this case, the event which is alleged to be the underlying stressor for Mr. Pinter's diagnosis of post-traumatic stress disorder is the death of his sergeant, Sergeant Bell. And that event was confirmed. Excuse me, but I was going to jump in a little, and it seems to me that the stressor that Dr. Peck identified was something different. His stressor was built on factors not in the record, criminal activity and murder of Sergeant Bell, neither of which are part of the record, and therefore no stressor occurred. In other words, he wasn't saying that death itself was the stressor, he was saying the surrounding circumstances, none of which are in the record, and so no stressor occurred. Am I missing something there? And besides all this is factual, I'm wondering why we're even dealing with it. And that is frankly part of the point of the expansion of this to include the question of sufficiency of stressor, because when you interpose sufficiency of stressor into the confusing element three, which is the confirmation of the event... Yeah, but even Dr. Peck says the mere death of Bell is not a stressor. He's got to say, well, the stressor is more. It's criminal activity and murder. With respect, under the DSM-III, a subjective reaction to an actual event which occurred is sufficient to support the diagnosis. The quibble, the attempt of both the VA and the court below to get into a question of whether or not the specifics of Sergeant Bell's death were sufficient is no longer relevant under the DSM criteria. So we have to start with element one, which is, is the diagnosis made in accordance with... What's the stressor? The death of Sergeant Bell. Then there's no evidence on that, because even Peck says that's not enough. No, but there is evidence in the record that confirms that Sergeant Bell died and that Sergeant Bell was in fact on the airplane... But it's not a stressor. Nobody will say that's a stressor. It's true that the sun came up that morning. That can be proven too, but that's not a stressor either. Your Honor, they changed the diagnostic criteria from objective to subjective. In the court below's decision in Cohen v. Brown, they explained the clinical difference between a diagnosis based upon an objective fact and a subjective reaction. There is no dispute that Sergeant Bell died or that Sergeant Bell was the sergeant for Mr. Pinter and the focus of his obsession for his psychiatric problem. The question is, his subjective reaction and the diagnosis made by this record is sufficient under DSM. It is made in accordance with 4.125. I don't understand your answer. You've got several medical, at least portions of several medical reports from different physicians, all of which, I haven't seen any of them say if he believed it. We're looking at his subjective reaction to what happened. We don't care. They seem to point to the fact that if these facts actually happened, not whether or not your client believed these happened, then these would support... I understand that, Your Honor, but that's the problem in this case. All of this medical evidence was accumulated in 1997. The change in the DSM took place around that time. This case lingered in the system from 1997 until the board decision... So you're saying the medical report, so your challenge is to the medical report. My challenge is to the way in which 3.304 was applied by the board in which they could rely upon the dispute in the record about the sufficiency of the evidence, or excuse me, the sufficiency of the stressor. The stressor requirements under the change in the diagnostic criteria from objective to subjective was not considered by the board because they were relying upon the former standard. The correct standard under this regulation is a diagnosis in accordance with 4.125, and 4.125 sends you back to the Diagnostic and Statistical Manual. The problem here is that the board and the court below got involved in medical issues, and those medical issues should have been resolved by medical experts, not by laypersons. By the requirements of their own regulation, they are supposed to resolve that based upon the diagnostic criteria in the Diagnostic and Statistical Manual. Under that diagnostic criteria, his subjective reaction is sufficient. We're not here to argue the fact. What's the stressor? The stressor is the death of Sergeant Bell. And nobody says that is a stressor. Because... You're the only person that, where did Mr. Pinter ever claim that the only stressor was the death of Bell? No, no, Your Honor. Not the criminal activity, not the murder allegations, not all the drug dealing stuff. Just when was there ever a claim, my sergeant died and from that minute I lost it? With respect, Your Honor, you're attempting to do precisely what the board did. No, I'm just using your allegation that all they have to do is show that stressor occurred, but no one claimed that. The VA under 4.125 adopted the change in the Diagnostic and Statistical Manual. That's what's discussed at length in the Cohen case. And in the Cohen case below, they describe this whole subjective analysis. My client was entitled to the benefit of the regulation as written, not the benefit of the regulation as applied by the board using a standard that is no longer appropriate. And the fact that this evidence may not be sufficient is not the issue here. The issue here is whether or not when the court affirmed the decision below, were they relying upon a misinterpretation... That they misinterpreted that based upon the definition that appears in 4.125. Yes, Your Honor. I do think you argued about misinterpretation. I don't ever get the point they relied on the wrong version. Well, I may not frankly have explicitly said that, Your Honor, but that is implicit in the citation to the court decision below in Cohen. That's what this entire case is premised about, precisely the question that you focused in on, which is, is the death alone sufficient? And this record answers that by saying that they can rely on this sufficiency question. And that simply is not consistent with what the regulation requires. The regulation requires a diagnosis in accordance with 4.125, and all of the medical evidence at issue here is created in 1997. I see that I'm into my rebuttal time. We will stay with Pauline, Mr. Thompson. Have a seat. Is the death alone the stressor? No, Your Honor. Based upon the medical opinions in this case and the board's evaluation of those medical opinions, the board determined that the stressor was the death of Sergeant Bell plus the surrounding circumstances. The death presumably because of information he knew in these covert CIA operations. That is the stressor in this case. Mr. Pinter's argument is basically a factual argument over which this court lacks jurisdiction because it has to do with the nature of the stressor. And the board found the stressor to be the death plus all of these additional circumstances for which there was no corroborating evidence. Mr. Pinter is here arguing that the nature of the stressor is simply the death alone, which we agree has been corroborated. So that's an argument over which this court lacks jurisdiction. He seems to be raising for the first time here another argument concerning the board not considering the new version of the regulation. That's not something that he's raised before and therefore should be waived. But even if this court were to consider that argument, that argument concerns the medical evidence, the nature of the medical evidence. The medical reports themselves are what say that the stressor is something more than the death. It's not the board saying what the stressor is. The board simply looked at those medical opinions and found that those opinions were based upon a stressor, which was the death and the surrounding circumstances. And Mr. Pinter also argues in terms of interpretation that there's nothing in 3.304F that requires a look at the sufficiency of the evidence, but that's plainly not the case. If you look at the first element of 3.304F, it requires medical evidence diagnosing the condition in accordance with 4.125. As Mr. Carpenter indicated, 4.125 requires a diagnosis that conforms to the DSM-IV. In the Cohen case, the Veterans Court explained that the criteria in the DSM-IV essentially are sufficiency of the stressor criteria. And in fact, VA explained that when it revised 3.304F in 1999. VA explained that the 4.125A criteria in DSM-IV go to the sufficiency of the stressor. So that part certainly allows consideration of the sufficiency. Also, the second part of 3.304F, which is a link established by medical evidence between the current symptoms and the in-service stressor, clearly there has to be a link between the stressor and the diagnosis of PTSD means that the stressor has to have been sufficient to have caused PTSD. So that part, too, requires an evaluation of the sufficiency of the stressor. All the Board did was look at the medical opinions, which found that the stressor, which was Sergeant Bell's death plus the surrounding circumstances, was sufficient, that there was no evidence from the medical reports that Sergeant Bell's death alone was sufficient. That finding was consistent with the statute. Even if you accept Mr. Pinter's argument that the third prong, the claimed in-service stressor, that that part doesn't necessarily involve an evaluation of the sufficiency of the stressor, the other parts certainly do. So even if he were able to meet the third prong by showing that Sergeant Bell died alone, he could not meet the first or second prongs and would not be entitled to service connection. These reasons we request that this Court affirm the decision of the Veterans Court. Thank you. Thank you, Ms. Havasey. Mr. Koppner has a little time. Thank you very much. Your Honors, it's not a question of the new version of the regulation. It's a question of what the regulation requires. The regulation requires a diagnosis in conformance with She says even if you don't make three, you still have to have the link between the stressor and the symptoms. And I believe that Dr. Peck's opinion at least provides a link to that when you factor out this question of sufficiency. At page 54 of the record, Dr. Peck specifically says that Mr. Pinter experienced a sufficient stressor involving the death of Sergeant Bell to warrant a diagnosis of PTSD. So he does say a sufficient stressor based upon the death. And the question here is the criteria under DSM-IV and not the criteria under objective verification of the specific details surrounding the event. After all, Your Honors, we're dealing here with a psychiatric disability. We're dealing here with somebody's distorted perception of reality. What Sergeant Bell was or was not involved with is a part of what's going on in Mr. Pinter's head. We have a medical professional that says the stressor of his death was sufficient from Dr. Peck at page 54 in his final conclusion. But we have the board, and of course we have a variety of other psychiatrists who reach a different medical conclusion. Yes, they do. And the board sides with them. Isn't this really, as she said, a question of weighing the evidence? No, Your Honor, because compensation for post-traumatic stress disorder is unique amongst disabilities in the VA system. There is no other specific regulation tied to a specific condition. The conditions here are threefold under the plain language of the regulation. A diagnosis, a linkage, and a confirmed stressor. The government got up and conceded that there is no dispute about the event of Sergeant Bell's death. That confirmed stressor is the basis for the diagnosis, and Dr. Peck links that to the death which occurred during his period of service. That should be sufficient as a matter of law under the correct interpretation of this regulation. Thank you very much. Appreciate it. Thank you, Mr. Kavanaugh. The case has been submitted. All rise. The Honorable Court has adjourned until tomorrow morning at 10 o'clock.